# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| MATTHEW S. RILEY,<br>    *Plaintiff*,<br><br>    v.<br><br>DEPARTMENT OF CORRECTIONS,<br>    *Defendant*. | No. 3:23-cv-525 (VAB) |

## INITIAL REVIEW ORDER

Matthew S. Riley ("Plaintiff"), currently confined at Osborn Correctional Institution in Somers, Connecticut, has filed a Complaint *pro se* under 42 U.S.C. § 1983. Mr. Riley names one Defendant, the Department of Corrections and he seeks damages on a claim for use of excessive force.

The Court has thoroughly reviewed all factual allegations in this Complaint and conducted an initial review of its allegations under 28 U.S.C. § 1915A. Based on this initial review, the Complaint is **DISMISSED** without prejudice.

Mr. Riley may file an Amended Complaint to assert his claims against the correctional officers involved in the incident. Any Amended Complaint shall be filed by **June 9, 2023**. If no Amended Complaint is filed by **June 9, 2023**, the Clerk of Court will be directed to close this case.

## I.      BACKGROUND

On September 6, 2021, Mr. Riley allegedly waited in line at Corrigan Correctional Center to receive his medication. Compl. ¶ 1, ECF No. 1 ("Compl."). Officer Renoso allegedly instead ordered Mr. Riley to go to the sallyport because he allegedly believed Mr. Riley was intoxicated. *Id.* ¶ 2. When Mr. Riley allegedly refused two orders to go to the sallyport, Officer Renoso allegedly called a Code Orange. *Id.* ¶¶ 2–3. Then Officer Renoso and a second officer allegedly

"slammed" Mr. Riley to the ground and handcuffed him. *Id.* ¶ 3.

Between fifteen and twenty officers allegedly responded to the code. *Id.* ¶ 4. Leg irons allegedly were applied, and an officer allegedly restrained Mr. Riley on the ground. *Id.* ¶¶ 5–6. When Mr. Riley allegedly told responding officer St. Jean that he had done nothing wrong, an officer who had been restraining him allegedly slammed his head onto the concrete floor, and allegedly caused a gash above Mr. Riley's left eye. *Id.* ¶¶ 6–7.

When Mr. Riley allegedly began to yell about the pain, Officer St. Jean allegedly sprayed Mr. Riley in the face with a chemical agent. *Id.* ¶¶ 7–8. A black bag allegedly also was put over Mr. Riley's head. *Id.* ¶ 8. Mr. Riley allegedly was taken to the medical unit for treatment and placed in segregation. *Id.* ¶ 9. He allegedly was not decontaminated. *Id.*

## II.    STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based, and to demonstrate a plausible right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*,

273281364f6b87b0

470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir.

2010) (discussing special rules of solicitude for *pro se* litigants).

### III. DISCUSSION

While Mr. Riley does not specify his claim in the Complaint, based on the facts alleged,

the Court will assume the assertion of a claim for use of excessive force. The only Defendant

sued, however, is the Department of Correction, a state agency. *See* www.portal.ct.gov/DOC. As

a state agency, the Department of Correction is not a person subject to suit under section 1983.

*See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989) (state agencies cannot be sued

under section 1983); *Bhatia v. Conn. Dep't of Children & Families*, 317 F. App'x 51, 52 (2d Cir.

2009) (same).

As the Department of Correction, the only Defendant, cannot be sued under section 1983,

the Court must dismiss this action. The Court notes, however, that based on the Complaint, Mr.

Riley is aware of at least two officers involved in the incident and should be able to identify

other officers from the incident report. The Court will afford Mr. Riley an opportunity to file an

Amended Complaint naming the individual officers involved in the incident as Defendants.

### IV. CONCLUSION

The Complaint is **DISMISSED** without prejudice. Mr. Riley may file an Amended Complaint to

assert his claims against the correctional officers involved in the incident. Any Amended Complaint

shall be filed by **June 9, 2023**. If an Amended Complaint is not filed by **June 9, 2023**, the Clerk of

Court will be directed to close this case.

The Clerk of Court is directed to send Mr. Riley an Amended Complaint form with this order.

**SO ORDERED** at Bridgeport, Connecticut, this 5th day of May, 2023.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE